**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ADAM STAPP, ON BEHALF OF HIMSELF
AND ALL OTHER SIMILARLY SITUATED
EMPLOYEES,

            **Plaintiffs,**

-vs-                                              **Case No. 6:06-cv-810-Orl-28GJK**

SUN STATE TREES & PROPERTY
MAINTENANCE, INC., RANDALL A.
NELLIS,

            **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **MOTION TO STRIKE DEFENDANT, SUN STATE TREES & PROPERTY MAINTENANCE'S ANSWER AND REQUEST FOR SANCTIONS (Doc. No. 60)**
>
> **FILED:** April 23, 2008
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND**

Plaintiffs Adam Stapp, Kelvin Lopez, Alexander Kozlakowski, Julian Hairston and Joshua Flanagan (the "Plaintiffs") seek an order striking Defendant Sun State Trees & Property Maintenance, Inc.'s ("Sun State") Answer (Doc. No. 7) and sanctions including entry of default for Sun State's failure

to retain new counsel. Doc. No. 60. The trial term is scheduled to begin on June 2, 2008. Doc. No. 25 at 2.

On June 14, 2006, Plaintiff Adam Stapp[1] filed the Complaint (Doc. No. 1) against Defendants Sun State and Randall A. Nellis, the owner/officer of Sunstate, alleging a violation of 29 U.S.C. § 201, et seq., the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs alleged the Defendants failed to pay overtime compensation. Doc. No. 1 ¶¶ 11-13. On July 11, 2006, Defendants filed their collective Answer (Doc. No. 7) denying the allegations and asserting various affirmative defenses.

On the following dates, Plaintiffs filed their Answers to the Court's Interrogatories and claimed damages for unpaid overtime wages, liquidated damages, and attorneys' fees and costs:

(a) September 7, 2006, Plaintiff Adam Stapp claimed $1,170 in unpaid overtime wages; $1,170 in liquidated damages; plus attorneys' fees and costs; Doc. No. 12-2 at 2.

(b) November 10, 2006, Plaintiff Kelvin Lopez claimed $7,854 in unpaid overtime wages; $7,854 in liquidated damages; plus attorneys' fees and costs; Doc. No. 23-2 at 2.

(c) March 23, 2007, Plaintiff Alexander Kozlakowski claimed "unable to determine an accurate amount due to insufficient pay records and time records;" plus attorneys' fees and costs; Doc. No. 31-2 at 2.

(d) April 3, 2007, Plaintiff Julian Hairston claimed "I am unable to determine an accurate amount due to insufficient pay records and time record;" plus attorneys' fees and costs; Doc. No. 33-2 at 2.

---

[1] On October 17, 2006, Plaintiff Kelvin Lopez was added (Doc. No. 14); on March 12, 2007, Plaintiff Alexander Kolakowski was added (Doc. No. 27); and on March 22, 2007, Julian Hairston and Joshua Flanagan were added (Doc. No. 29).

 (e) April 3, 2007, Joshua Flanagan claimed "I am unable to determine an accurate amount due to insufficient pay records and time records;" plus attorneys' fees and costs.  Doc. No. 32-2 at 2.

On November 12, 2007, Ronald Fraley, counsel for both Defendants, moved to withdraw based on a "substantial dispute regarding the lack of payment of attorneys' fees and costs incurred for several months in this case."  Doc. No. 36 ¶ 2.  On November 13, 2007, the Court denied without prejudice counsel's motion to allow the Sun State to obtain substitute counsel.  Doc. No. 37.  The Court stated that counsel could renew his motion by November 29, 2007, if the Defendants had failed to obtain substitute counsel.  *Id*. at 2.  If the Defendants failed to obtain substitute counsel, the order required counsel in his renewed motion to provide the Court with the current address and telephone number of Defendant Randall A. Nellis who would then be deemed to be proceeding pro se.  *Id*. at 2.  Pursuant to Local Rule 2.03(e), the Court reminded Sun State that it could not proceed without counsel and warned that failure to retain substitute counsel may result in its answer being stricken and an entry of default.

On November 29, 2007, counsel for the Defendants filed his Renewed Motion to Withdraw (Doc. No. 42).  In additional to the prior reasons for seeking to withdraw, counsel stated the "attorney-client communications have been effectively terminated as Defendants will not respond to undersigned counsel's telephone calls and letters."  Doc. No. 42 ¶ 2.  Counsel provided the Court with both Defendants current addresses and telephone numbers.  *Id*. at 3.  On December 14, 2007, the Court granted the renewed motion.  Doc. No. 43.  On that same date, the Court entered an Order to Show Cause directed to Sun State to show cause on or before January 4, 2008 why its answer should not be

stricken and default entered against it for failure to retain substitute counsel. Doc. No. 44. To date, Sun State has not responded.

On March 6, 2008, the parties proceeded to mediation, but an impasse was declared. Doc. No. 51. On April 14, 2008, Defendant Randall Nellis, served Plaintiffs individually with Offers of Judgement (the "Offers"). Doc. No. 54-2. The Offers were as follows:

(1) Adam Stapp: $1,800 in damages; $3,484 in attorneys' fees and costs; totaling $5,284 (Doc. No. 54-2);

(2) Kelvin Lopez: $2,700 in damages; $3,484 in attorneys' fees and costs; totaling $6,184 (Doc. No. 55-2);

(3) Alexander Kozlakowski: $1,800 in damages; $3,484 in attorneys' fees and cost; totaling $5,284 (Doc. No. 56-2);

(4) Julian Hairston: $5,850 in damages; $3,484 in attorneys' fees and costs; totaling $9,334 (Doc. No. 57-2); and

(5) Joshua Flanagan: $5,850 in damages; $3,484 in attorneys' fees and costs; totaling $9,334 (Doc. No. 58-2).

Regarding Plaintiffs Stapp and Lopez, the total amount of damages offered by Defendant Nellis reflects roughly half of what they claimed in their respective Answers to the Court's Interrogatories. On April 15, 2008, Plaintiffs notified the Court of their individual acceptance of Defendant Nellis' Offers. Doc. Nos. 54-58.

On April 23, 2008, Plaintiffs filed the present Motion to Strike Defendant Sun State's Answer and Request for Sanctions (the "Motion"). Plaintiffs argue that by failing to respond to the Order to

Show Cause (Doc. No. 44) and retain substitute counsel, Sun State's answer should be stricken and default should be entered against Sun State. Doc. No. 60 at 2 ¶ 5. Plaintiffs indicate that if the Motion is granted, Plaintiffs will move for a default judgment against Sun State for amounts equal to those accepted by Plaintiffs in the Offers.

## II.     ANALYSIS

Pursuant to Local Rule 2.03(e), corporations may appear and be heard only through counsel admitted to practice in this Court. Sun State was ordered to obtain counsel by January 4, 2008. If a party fails to follow pretrial orders, then the Federal Rules of Civil Procedure allow the Court to strike pleadings and to enter default. *American Moisture Control, Inc. v. Dynamic Building Restoration*, LLC, No. 6:06-cv-1908-Orl-28KRS, 2008 WL 1987374 * 2 (M.D. Fla. May 7, 2008).

> Federal Rule of Civil Procedure 16(f) provides that if a party fails to obey a pretrial order, the judge may on [his or her] own initiative make such orders with regard thereto as are just, including any of the orders provided for in Federal Rule of Civil Procedure 37(b)(2)(A)(ii) - (vii). Rule 37(b)(2)(A)(iii) permits the Court to strike pleadings, and Rule 37(b)(2)(A)(vi) allows the Court to enter a default against a disobedient party.

*Id*. Sun State failed to respond to the Order to Show Cause wherein it was warned that failure to respond would result in the Court striking Sun State's Answer and entering default against it. State has had over five months to obtain counsel, but has not done so.

**THEREON** it is **RECOMMENDED** that:

1. Plaintiffs Motion (Doc. No. 60) be granted;

2. Defendant Sun State's Answer (Doc. No. 11) be stricken as to Sun State only; and

3. Default be entered against Sun State.

**RECOMMENDED** at Orlando, Florida on May 14, 2008.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II

Counsel of Record

Unrepresented Parties:

    Randall A. Nellis

    Sun State Trees & Property Maintenance

    858 Wildmere Ave.

    Longwood, FL 32750