UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADAM STAPP, KELVIN LOPEZ,
ALEXANDER KOZLAKOWSKI,
JULIAN HAIRSTON and JOSHUA
FLANAGAN,

                              Plaintiffs,

-vs-                                                                   Case No.  6:06-cv-810-Orl-28GJK

SUN STATE TREES & PROPERTY
MAINTENANCE, INC., RANDALL A.
NELLIS,

                              Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause cam one for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, SUN STATE TREES & PROPERTY MAINTENANCE, INC.**   (Doc. No. 67) |
| **FILED:** | July 16, 2008. |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DEFENDANT'S OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE OF OFFER OF JUDGMENT**<br>(Doc. No. 68) |
| **FILED:** | **October 17, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** | |

## I.  BACKGROUND

On June 14, 2006, Plaintiff Adam Stapp ("Stapp") filed a complaint (the "Complaint") against Defendants Sun State Trees & Property Maintenance, Inc. ("Sun State") and Randall A. Nellis ("Nellis"), the owner/officer of Sun State (herein collectively, the "Defendants"), alleging a violation of 29 U.S.C. § 201, et seq., the Fair Labor Standards Act ("FLSA"). Doc. No. 1. From October 17, 2006 through March 22, 2007, the following plaintiffs were added to the case: (1) Kelvin Lopez ("Lopez") (Doc. No. 14); (2) Alexander Kozlakowski ("Kozlakowski") (Doc. No. 27); (3) Julian Hairston ("Hairston") (Doc. No. 29); and Joshua Flanagan ("Flanagan") (Doc. No. 29) (all plaintiffs shall be collectively referred to as the "Plaintiffs"). Plaintiffs allege the Defendants failed to pay overtime compensation. Doc. No. 1 ¶ ¶ 11-13. The Complaint demands a judgment against Defendants as joint and severally liable for unpaid overtime wages, liquidated damages, prejudgment interest if liquidated damages are not awarded, and attorneys' fees and costs. Doc. No. 1 at 4. On July 11, 2006, Defendants filed their collective answer (the "Answer") denying the allegations and

asserting various affirmative defenses, including that Stapp's claims were barred by the statute of limitations. Doc. No. 7.[1]

On the following dates, Plaintiffs filed their Answers to the Court's Interrogatories which claimed damages for unpaid overtime wages, liquidated damages, and attorneys' fees and costs:

(a) September 7, 2006, Stapp claimed $1,170 in unpaid overtime wages; $1,170 in liquidated damages; plus attorneys' fees and costs. Stapp stated the Defendants failed to pay the overtime owed for the period <u>June 2003 through January 2004</u> (Doc. No. 12-2 at 2);

(b) November 10, 2006, Lopez claimed $7,854 in unpaid overtime wages; $7,854 in liquidated damages; plus attorneys' fees and costs. Lopez stated the Defendants failed pay the overtime owed for the period <u>January 2003 through December 2003</u> (Doc. No. 23-2 at 1-2);

(c) March 23, 2007, Kozlakowski stated he is "unable to determine an accurate amount [of overtime owed] due to insufficient pay records and time records;" plus attorneys' fees and costs. Kozlakowski asserts that the Defendants failed to pay the overtime owed for the period "2004 to September 2006" (Doc. No. 31-2 at 1-2);

(d) April 3, 2007, Hairston stated he is "unable to determine an accurate amount [of overtime owed] due to insufficient pay records and time record;" plus attorneys' fees and costs. Hairston asserts that the Defendants failed to pay the overtime owed for the period March 19, 2004 through September 2006 (Doc. No. 33-2 at 1-2); and

---

[1] At the time of the Answer, no other Plaintiffs had been joined.

  (e) April 3, 2007, Flanagan stated he is "unable to determine an accurate amount [of overtime owed] due to insufficient pay records and time records;" plus attorneys' fees and costs.  Flanagan asserts that the Defendants failed to pay the overtime owed for the period May 2004 through September 2006 (Doc. No. 32-2 at 1-2).

  On September 13, 2006 and December 5, 2006, Defendants filed Verified Summaries regarding Stapp and Lopez, respectively.  Doc. Nos. 13, 24.  Regarding Stapp, Defendants state his claim is time barred by the Statute of Limitations, pursuant to 29 U.S.C. § 255(a), because the Complaint was not filed until June 14, 2006, and his claimed employment period allegedly ended in January of 2004.  Doc. No. 13 at ¶ 1.  Furthermore, Defendants assert that Stapp's actual employment period was between June 12, 2003 and November 27, 2003.  *Id.* at ¶ 2.  Regarding Lopez, Defendants state that his claim is also time barred by the Statute of Limitations because his claimed employment period allegedly ended in December of 2003.  Doc. No. 24 at ¶ 1.

  On November 12, 2007, Ronald Fraley, counsel for both Defendants, moved to withdraw based on a "substantial dispute regarding the lack of payment of attorneys' fees and costs incurred for several months in this case."  Doc. No. 36 ¶ 2.  On November 13, 2007, the Court denied the motion to withdraw without prejudice, to allow the Defendants to obtain substitute counsel.  Doc. No. 37.  The Court stated that counsel could renew his motion after November 29, 2007, if the Defendants had failed to obtain substitute counsel.  *Id*. at 2.  If the Defendants failed to obtain substitute counsel, the order required counsel to include the current address and telephone number of Nellis in any renewed motion to withdraw.  *Id*.  Pursuant to Local Rule 2.03(e), the Court reminded Sun State that it could not proceed without counsel and warned that failure to retain substitute counsel may result in its answer being stricken and an entry of default.  *Id*.

On November 29, 2007, counsel for the Defendants filed his Renewed Motion to Withdraw. Doc. No. 42. In addition to the prior reasons given for seeking to withdraw, counsel stated that "attorney-client communications have been effectively terminated as Defendants will not respond to undersigned counsel's telephone calls and letters." Doc. No. 42 ¶ 2. Counsel provided the Court with the Defendants' current addresses and telephone numbers. *Id*. at 3. On December 14, 2007, the Court granted the renewed motion. Doc. No. 43. On that same date, the Court entered an Order to Show Cause directed to Sun State to show cause on or before January 4, 2008, why its answer should not be stricken and default entered against it for failure to retain substitute counsel. Doc. No. 44. Sun State did not respond.

On March 6, 2008, the parties proceeded to mediation, but an impasse was declared. Doc. No. 51. On April 14, 2008, Nellis, proceeding *pro se*, served Plaintiffs individually with Offers of Judgment (the "Offers") pursuant to Rule 68, Federal Rules of Civil Procedure. Doc. Nos. 54-58. The Offers were as follows:

(a)  Stapp: $1,800.00 in damages; $3,484.00 in attorneys' fees and costs; totaling $5,284.00 (Doc. No. 54-2);

(b)  Lopez: $2,700.00 in damages; $3,484.00 in attorneys' fees and costs; totaling $6,184.00 (Doc. No. 55-2);

(c)  Kozlakowski: $1,800.00 in damages; $3,484.00 in attorneys' fees and cost; totaling $5,284.00 (Doc. No. 56-2);

(d)  Hairston: $5,850.00 in damages; $3,484.00 in attorneys' fees and costs; totaling $9,334.00 (Doc. No. 57-2); and

5

  (e)  Flanagan: $5,850.00 in damages; $3,484.00 in attorneys' fees and costs; totaling $9,334.00 (Doc. No. 58-2).

The Offers do not address the FLSA, liquidated damages, or the Statute of Limitations defense. On April 15, 2008, Plaintiffs notified the Court of each Plaintiffs' acceptance of Nellis's Offers. Doc. Nos. 54-3; 55-3; 56-3; 57-3; 58-3.

On April 21, 2008, the Court entered an order directing Plaintiffs "to file with the Court a report as to whether Plaintiffs' FLSA claims were compromised with the acceptance of the Offers of Judgment from Defendant Randall A. Nellis." Doc. No. 59. On April 25, 2008, Plaintiffs responded stating that each acceptance "includes compensation for unpaid overtime wages [sic] hours worked by the Plaintiffs in excess of forty hours per week, an equal amount of liquidated damages and attorney's fees and costs." Doc. No. 61 at ¶ 1.

> Plaintiffs have reasonably departed from their estimated unpaid overtime for the reasons herein. Plaintiffs' answers to Court's Interrogatories were based upon Plaintiffs' estimates, past recollection of hours worked and overtime damages calculated within an arguable time period potentially barred by the State [sic] of Limitations. After reviewing Defendant's pay records, discovery documents and deposition testimony the Plaintiffs have recalculated their overtime. Plaintiffs' damages are as follows:
>
> a. [Stapp's] good faith estimate of actual overtime owed is $900.00;
> b. [Lopez's] good faith estimate of actual overtime owed is $1,350.00;
> c. [Kozlakowski's] good faith estimate of actual overtime owed is $900.00;
> d. [Hairston's] good faith estimate of actual overtime owed is $2,925.00;
> e. [Flanagan's] good faith estimate of actual overtime owed is $2,925.00.

Doc. No. 61 at ¶ 2. Plaintiffs state further "that as a result of the acceptance of [Nellis's] Offers of Judgment, the Plaintiffs will receive 100% of their recalculated overtime, liquidated damages in an equal amount and reimbursement for their attorney's fees and costs." *Id*. at ¶ 3.

On April 23, 2008, Plaintiffs filed a Motion to Strike Defendant Sun State's Answer and Request for Sanctions (the "Motion to Strike"). Doc. No. 60. Plaintiffs argued that by failing to respond to the Order to Show Cause (Doc. No. 44) or to retain substitute counsel, Sun State's answer should be stricken and default should be entered against Sun State. Doc. No. 60 at 2 ¶ 5. On May 14, 2008, the undersigned entered a Report and Recommendation concerning the Motion to Strike. Doc. No. 62. Neither Defendant responded to the Report and Recommendation. On June 3, 2008, after a *de novo* review of the record, the Court entered an order granting the Motion to Strike and directed the Clerk to strike the Answer as it relates to Sun State. Doc. No. 63. On June 4, 2008, the Clerk entered default against Sun State. Doc. No. 64. In Plaintiffs' April 25, 2008, report to the Court regarding Plaintiffs acceptance of Nellis's Offers, Plaintiffs state that "[i]f this Court grants Plaintiffs' Motion [to Strike], Plaintiffs will move for an entry of default judgment for <u>an amount equal to Defendant, Randall A. Nellis' [sic] Offers of Judgment</u>." Doc. No. 61 at ¶ 4 (emphasis added).

On July 16, 2008, Plaintiffs filed the present Motion for Entry of Default Judgment Against Defendant, Sun State (the "Motion for Default"). Doc. No. 67. In the Motion for Default, Plaintiffs, by individual affidavit, state that the total amount of overtime owed is equal to the amounts stated in Plaintiffs' April 25, 2008, report to the Court. Doc. Nos. 67-2 at ¶ 6; 67-3 at ¶ 6; 67-4 at ¶ 6; 67-5 at ¶ 6; 67-6 at ¶ 6. In other words, Plaintiffs state that the each is owed unpaid overtime wages plus liquidated damages in an amount equal to the amount accepted in Nellis's Offers. In the Motion for

7

Default, counsel for Plaintiffs seeks an award of reasonable attorneys' fees and costs equal to the total amount of attorneys' fees and costs accepted in Nellis's Offers of Judgment or $17,420.00 ($3,484.00 x 5 = $17,420.00). Doc. No. 67 at 12 n. 5. Counsel attaches an affidavit, time sheet, and cost ledger to the Motion for Default. Doc. Nos. 67-7; 67-8; 67-9.

On October 17, 2008, Plaintiffs, pursuant to Rule 68, Federal Rules of Civil Procedure, filed the present Motion for Entry of Judgment in Accordance with Defendant's Offer of Judgment and Plaintiff's [sic] Acceptance of Offer of Judgment (the "Motion for Judgment"). Doc. No. 68. In the Motion for Judgment, Plaintiffs request the Court enter judgment against Nellis, according to Plaintiffs' acceptance of Nellis's Offers, in the amount of $35,420.00 ($5,284.00 + $6,184.00 + $5,284.00 + $9,334.00 + $9,334.00 = $35,420.00). *Id.*

The Motion for Default and the Motion for Judgment (collectively, the "Motions") are now before the Court.

## II.     LAW AND ANALYSIS

### Motion for Judgment

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of Plaintiffs' acceptance of Nellis's Offers of Judgment is necessary to give it final and binding effect.[2] As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under

---

[2] "Rule 68 . . . contains no exclusion that precludes its application in a FLSA case." *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1216 (M.D. Fla. 2003) (citing *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir. 1997)).

> section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[3]

The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Plaintiffs were represented by independent counsel who was obligated to vigorously represent them. Nellis had the benefit of independent counsel for nearly two years, and then proceeded *pro se*.[4]  As

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decision from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

detailed above, the parties agreed to settle Plaintiffs' claims for a total sum of $35,420.00. Plaintiffs stated that they agreed to compromise their original estimated unpaid overtime wages, as set forth in their Answers to Court's Interrogatories, after reviewing Nellis's pay records, discovery documents, deposition testimony, and after considering the potential viability of Nellis's argument that some of the claims were barred by the Statute of Limitations. *See* Doc. No. 61 at ¶ 2. Plaintiffs maintain that the acceptance of the Offers will result in Plaintiffs receiving one-hundred percent of their recalculated damages. Additionally, Plaintiffs will be reimbursed for their attorneys' fees and costs. The undersigned finds that Plaintiffs' acceptance of the Offers of Judgment in exchange for a resolution of all claims and dismissal of the action with prejudice to be fair and reasonable. Therefore, the undersigned recommends that the Motion for Judgment be GRANTED.

**Motion for Default**

"The grant or denial of a motion for entry of a default judgment lies within the sound discretion of the trial court." *Georgia Power Project v. Georgia Power Co.*, 409 F.Supp 332, 336 (M.D. Ga. 1975) (citing *Duling v. Markun*, 231 F.2d 833 (7th Cir. 1956), cert. den. 352 U.S. 870 (1956)). In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing

---

[4] The undersigned does not find any prejudice to Nellis or to Plaintiffs resulted from Nellis proceeding pro se.

> to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007). The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Sun State's Answer was stricken due to its failure to obtain new counsel and default was entered against it. Therefore, Sun State admits the allegations in the Complaint. Based on the affidavits provided by Plaintiffs, the Court finds that each Plaintiff has established the necessary amount of damages. Furthermore, the affidavit, time sheet, and cost ledger, submitted by counsel adequately establishes the amount of reasonable attorneys' fees and costs. *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988); *see also Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Therefore, the Court finds that the Motion for Default should be GRANTED.

    **THEREON** it is **RECOMMENDED** that:

1) Plaintiffs' Motion for Judgment be GRANTED;

2) Plaintiffs' Motion for Default be GRANTED;

3) The Court enter one judgment for Plaintiffs against Sun State and Nellis, jointly and severally, for a total sum of $35,420.00, broken down as follows:

      a. Stapp: $1,800.00 in total damages; $3,484.00 in attorneys' fees and costs; totaling $5,284.00;

      b. Lopez: $2,700.00 in total damages; $3,484.00 in attorneys' fees and costs; totaling $6,184.00;

      c. Kozlakowski: $1,800.00 in total damages; $3,484.00 in attorneys' fees and cost; totaling $5,284.00;

      d. Hairston: $5,850.00 in total damages; $3,484.00 in attorneys' fees and costs; totaling $9,334.00; and

      e. Flanagan: $5,850.00 in total damages; $3,484.00 in attorneys' fees and costs; totaling $9,334.00;

4) The Court enter an order closing the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on December 10, 2008.

                                                                                     GREGORY J. KELLY
                                                                             UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Presiding District Judge

Counsel of Record

Unrepresented Parties:

    Randall A. Nellis

    Sun State Trees & Property Maintenance

    858 Wildmere Ave.

    Longwood, FL 32750